UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JIAXU LIU,

              Plaintiff,

    v.                                        **MEMORANDUM AND ORDER**
                                               23-CV-2065 (RPK)

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

              Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Jiaxu Liu commenced this action seeking to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate her I-589 application for asylum and for withholding of removal. *See* Compl. 1–4 (Dkt. #1). Defendant has moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss (Dkt. #11). For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff seeks asylum in the United States. *See* Compl. 4. In October 2020, plaintiff filed a Form I-589 Application for Asylum and for Withholding of Removal with USCIS. *Ibid.* USCIS acknowledged receipt of plaintiff's application in October 2020, but has not invited her for an initial interview or otherwise acted further on her application. *Ibid.*

Plaintiff's asylum application is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.* The INA directs the Attorney General to "establish a procedure for the consideration of asylum applications." *Id.* § 1158(d)(1). The INA requires the procedure to provide, "in the absence of exceptional circumstances," an initial interview within 45 days of application, and a decision to be made within 180 days of the application. *Id.* § 1158(d)(5)(A)(ii)–

1

(iii). However, the INA also states that "[n]othing in this subsection," including the 45- and 180-day deadlines, "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

USCIS currently adjudicates I-589 applications on a "last in, first out" ("LIFO") basis, which "seeks to prioritize the most recently filed affirmative asylum applications when scheduling affirmative asylum interviews." U.S. Citizenship & Immigr. Servs., *Affirmative Asylum Interviewing Schedule* (Mar. 29, 2024), https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling; *see Duan v. USCIS*, No. 22-CV-1538 (HG), 2023 WL 4687078, at *2 (E.D.N.Y. July 22, 2023) (taking judicial notice of this fact). USCIS also permits applicants to request expedited adjudication in cases of, *inter alia*, "[s]evere financial loss" or for "[e]mergencies or urgent humanitarian situations." U.S. Citizenship & Immigr. Servs., *Expedite Requests* (Mar. 21, 2024), https://www.uscis.gov/forms/filing-guidance/expedite-requests; *see Duan*, 2023 WL 4687078, at *2 (taking judicial notice of this fact).

Plaintiff filed this lawsuit in March 2023. Compl. 1. She asks the Court to "provide the mandamus of [her] I-589 case to [] USCIS." *Id.* at 4. Construed liberally, the complaint alleges that adjudication of her application has been unreasonably delayed and seeks mandamus relief under 28 U.S.C. § 1361, or in the alternative, injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).

Defendant has moved to dismiss plaintiff's complaint. *See* Mot. to Dismiss. Plaintiff's response to defendant's motion consists of a letter explaining "why [her asylum] case needs to be expedited." Pl.'s Ltr. 1 (Dkt. #13).

2

**STANDARD OF REVIEW**

A complaint will only survive a motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (citation omitted). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted); *see Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotation marks, brackets, and citations omitted)).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted).

**DISCUSSION**

Defendant's motion to dismiss is granted because plaintiff has not plausibly alleged a claim for relief under the APA or under the mandamus statute.

**I.    APA**

The APA provides that "within a reasonable time, [an] agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  It also authorizes courts to "compel agency action

unlawfully withheld or unreasonably delayed." *Id.* § 706(1).  To determine whether an agency action is unreasonably delayed, courts employ the six-factor test in *Telecomms. Rsch. & Action Ctr.* ("*TRAC*") *v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984); *see Nat. Res. Def. Council, Inc. v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013).  The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable, it may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (quotation marks and citations omitted).  The first factor—whether the timetable is "governed by a 'rule of reason'"—is the "most important." *In re Core Commc'ns Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).

Applying the TRAC factors, courts in this circuit have consistently dismissed APA petitions raising claims of unreasonable delay in adjudicating I-589 applications that were pending for periods similar to, or longer than, the period of delay underlying this petition.  *See, e.g.*, *Zheng v. Garland*, No. 22-CV-6039 (AMD), 2024 WL 333090, at *1, *6 (E.D.N.Y. Jan. 29, 2024) (dismissing APA claim based on an asylum application pending for over four years); *Hu v. Sessions*, No. 18-CV-2248, 2020 WL 7486681, at *1 (five years); *Ying Yu Liu v. Wolf*, No. 19-CV-410 (PGG), 2020 WL 2836426, at *1 (S.D.N.Y. May 30, 2020) (four-and-a-half years); *Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) (three years); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (five years).

The facts alleged in the complaint do not warrant a different outcome here.

Defendant's decision to adjudicate asylum applications on a LIFO basis constitutes a rule of reason.  *See Duan*, 2023 WL 4687078, at *4 (collecting cases).  USCIS previously adjudicated

4

...

asylum applications through a "first in, first out" ("FIFO") policy.  But because applicants may be eligible to receive a document authorizing them to work in the United States while their application is pending, USCIS determined that "the FIFO policy led to backlogs of frivolous, fraudulent or otherwise non-meritorious asylum applications filed solely to obtain work authorization."  *Liu*, 2020 WL 2836426, at *8 (quotation marks and citation omitted).  The LIFO rule is aimed at reducing the incentive to file such applications by reducing the benefit that applicants may obtain from them.  As other courts have concluded, this is a rule of reason.

Turning to the second TRAC factor, this rule-of-reason determination is not undercut by the INA's timetable for asylum interviews.  While the INA prescribes a 45-day deadline for extending interviews to asylum seekers, 8 U.S.C. § 1158(d)(5)(A)(ii), it also provides that the deadline-setting provision does not "create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person," *id.* § 1158(d)(7).  Accordingly, courts "do[] not ascribe much significance to this timetable."  *Xu*, 434 F. Supp. 3d at 53; *accord Duan*, 2023 WL 4687078 at *4.

Turning to the next three factors, plaintiff has not plausibly alleged an interest of sufficient magnitude to justify a court-ordered deviation from the agency's rule of reason.  While the complaint does not specify how the delay has impacted plaintiff, plaintiff explains in a letter that she is worried about her parents' health and seeks to be reunited with her child who resides in China in the custody of her ex-husband.  *See* Pl.'s Ltr. 1.  While these allegations are connected to human welfare, *TRAC*, 750 F.2d at 80, they describe a situation that "could just as easily be true for" many other asylum applicants, *De Oliveira v. Barr*, No. 19-CV-1508 (ENV), 2020 WL 1941231, at *5 (E.D.N.Y. Apr. 22, 2020) (citations omitted); *see Zheng*, 2024 WL 333090, at *6 (finding plaintiff's "claim that the delayed adjudication is keeping her from seeing her elderly

5

parents in China" insufficient).  Ordering the agency to place plaintiff "at the head of the queue" while "mov[ing] all others back one space," *De Oliveira*, 2020 WL 1941231, at *5 (citation omitted), could thus delay the adjudication of longer-pending applications that present comparable interests.  Taking together the "the nature and extent of the interests prejudiced by delay" and "the effect of expediting delayed action on agency activities of a higher or competing priority," plaintiff has not set forth interests that justify compelling agency action.  *See ibid.*; *Duan*, 2023 WL 4687078, at *5.

Accordingly, plaintiff fails to state an APA claim.

**II.    Mandamus**

Plaintiff also fails to state a claim for relief under the Mandamus Act, 28 U.S.C. § 1361.  "Mandamus may be awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available."  *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008).

Plaintiff has not plausibly alleged that any statute provides her a clear right to relief with no other adequate remedy.  Insofar as plaintiff is seeking to vindicate her right to timely agency action under the APA, her claim cannot be brought through mandamus because the APA provides a mechanism to vindicate the rights it secures.  *See Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008).  Insofar as plaintiff is seeking to vindicate a right to agency action according to the timetables set out in the INA, she fares no better.  "It is beyond serious dispute that mandamus pursuant to [Section] 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action," as the Mandamus Act gives courts "the power to compel an officer or employee of the United States or any agency thereof to perform a duty owed *to the plaintiff*."  *Zheng*, 2024 WL 333090, at *4 (brackets, quotation marks

6

and citation omitted). And plaintiff has not identified any other source of law that clearly establishes her right to the relief she seeks. Accordingly, plaintiff's mandamus claim is dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and the complaint is dismissed. When a plaintiff is *pro se*, a district court typically "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, because the barriers to relief identified above "cannot be surmounted by reframing the complaint," *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013), leave to amend is denied as futile. Accordingly, the Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: October 7, 2024
       Brooklyn, New York